UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE MEN'S WEARHOUSE, INC., TMW MARKETING COMPANY, INC., STARBUCKS CORPORATION, and STARBUCKS U.S. BRANDS L.L.C., § § § § § § § Plaintiffs, § § v. § § EXCLUSIVE GIFT CARDS, NIU TECH § L.L.C. and JOHN DOES NO. 1-10, § § Defendants. | Civil Action No.: H-06-1853 |

## PRELIMINARY INJUNCTION ORDER

This matter is before the Court on Plaintiffs The Men's Warehouse, Inc., TMW Marketing Company, Inc., Starbucks Corporation, and Starbucks U.S. Brands L.L.C.'s motion for a preliminary injunction order. Having carefully considered the record, the Court finds that:

1.　Plaintiffs have demonstrated a substantial likelihood of prevailing on the merits of the claims alleged in the Complaint.

2.　Plaintiffs' goodwill will be immediately and irreparably injured absent the requested preliminary injunction.

3.　The equities between Plaintiffs and Defendants favor granting the requested preliminary injunction.

4. Absent the requested preliminary injunction the public will be harmed by consumer confusion resulting from Defendants' tortious conduct. Further, the requested preliminary injunction will not disserve the public interest.

IT IS THEREFORE ORDERED that Defendants, their agents, servants, employees, attorneys, representatives, and all those persons in active concert or participation with Defendants, be preliminarily enjoined and restrained from using: (1) the TMW Marks, the TMW Trade Dress, the Starbucks Mark or the Siren Logo® as a part of any mark, name, domain name, email, gift card, email address, designation, design, or indicia of origin; or (2) any other mark, name, domain name, email, gift card, email address, designation, or indicia of origin that is confusingly similar to any of the TMW Marks, the TMW Trade Dress, the Starbucks Mark and/or the Siren Logo®, including but not limited to:

(a) using any of Plaintiffs' registered and common law trademarks including the TMW Marks, the TMW Trade Dress, the Starbucks Mark and the Siren Logo® in connection with the operation of Defendants' business, promotional offers, or advertising, whether on Defendants' Web sites, in emails or through any other media;

(b) using any trademark, trade name, logo, words, or design that tends falsely to represent or is likely to confuse, mislead or deceive consumers, purchasers, Defendants' customers or prospective customers, or any members of the public that Defendants' email and/or Web site promotions, products or services originate from Plaintiffs or that Defendants' email and/or Web site promotions, products or services have been sponsored, approved, or licensed by, or are associated with Plaintiffs or are in some way connected or affiliated with Plaintiffs;

(c) engaging in any conduct which tends falsely to represent or is likely to confuse, mislead or deceive consumers, purchasers, Defendants' customers or prospective customers, or

members of the public to believe that Defendants are connected with Plaintiffs or are sponsored, approved, or licensed by Plaintiffs or are in some way connected or affiliated with Plaintiffs; or

(d) engaging in any conduct which tends falsely to represent or is likely to confuse, mislead or deceive consumers, purchasers, Defendants' customers or prospective customers, or members of the public to believe that Defendants' products and/or services are free.

IT IS FURTHER ORDERED that the injunction of this order shall become effective upon submission by Plaintiffs of a bond in the amount of $_____.


Date:_____          _____
                                JUDGE PRESIDING