# United States District Court
# Southern District of Texas

## Case Number: H-06-1853

## ATTACHMENT

Description: Memorandum of Law in support of Plts Motion for preliminary injunction

☐ State Court Record      ☐ State Court Record Continued

☐ Administrative Record

☐ Document continued - Part 10 of 6 11

☐ Exhibit to: _____
          number(s) / letter(s) _____

Other: _____

_____

_____

H-06 -1853

## DECLARATION OF JAYME MAXWELL

I, Jayme Maxwell, declare as follows:

1.      I am the Senior Vice President, Chief Advertising & Creative Officer of Plaintiff The Men's Wearhouse, Inc. ("TMW Inc."). I have been employed by TMW Inc. since 1992. I submit this declaration on behalf of Plaintiffs TMW Inc. and TMW Marketing, Inc. (collectively, "TMW") in support of Plaintiffs' motion for a preliminary injunction against defendant Exclusive Gift Cards and its affiliates, denominated herein as John Does No. 1-10. I have personal knowledge of the facts herein, and if called as a witness, could and would competently testify thereto.

2.      TMW Inc. has sold men's and boy's apparel continuously in North America for over 35 years. With hundreds of stores throughout the United States, TMW Inc. is the number one discount retailer of men's clothing in North America. Throughout its history, TMW Inc.'s products and services have been advertised in conjunction with its trademarks and trade dress.

### TMW's Trademarks and Trade Dress

3.      To my knowledge, TMW adopted in 1973, and continues to use, THE MEN'S WEARHOUSE as a service mark. To my knowledge, TMW also adopted and continues to use THE MEN'S WEARHOUSE as a trademark, first using it as a trademark as early as 1980. TMW owns federal registrations for use of this service mark and trademark, including for use with clothing, which issued in 1989, and jewelry, which issued in 2000; these trademarks are incontestable. In the State of Texas, TMW owns registrations for THE MEN'S WEARHOUSE for advertising clothing, jewelry and leather goods. TMW owns all rights, title and interest in and to these trademarks (the "TMW Marks"). Attached hereto as **Exhibit A** are copies of these registrations.

31129840.1

4.      TMW also owns the intellectual property associated with TMW Inc.'s products and services, including the trade dress used to advertise and promote them (the "TMW Trade Dress").

5.      I am very knowledgeable about the history of TMW Inc.'s trademarks and trade dress, as well as its history of advertising and selling products and services under such trademarks and trade dress, based on my personal experience and TMW's books and records. Over the past 14 years, I have held several positions with TMW, all of them in the marketing and advertising group.  I started as Advertising Manager, and prior to my promotion to my current position (Senior Vice President, Chief Advertising and Creative Officer), I served as Director of Advertising, Associate Vice President of Advertising and Vice President of Marketing.  As part of my responsibilities with TMW Inc., I work with TMW Inc.'s outside advertising agencies and our in-house marketing and design departments to develop packaging, advertising and marketing strategies for TMW Inc.  Throughout my career with TMW Inc., I have had, in the ordinary course of my business, detailed knowledge of the men's apparel market (including men's and boy's formalwear) and the competitors in it.

6.      TMW advertises TMW Inc.'s products and services throughout the United States (including Texas) extensively and frequently by a variety of media, including television and radio commercials, direct mailing, newspapers, magazines, window signs, outdoor advertisements and via the internet through the official TMW Inc. website, *menswearhouse.com*. The TMW Marks and TMW Trade Dress appear in TMW's advertisements and promotional materials.

7.      The TMW Marks and TMW Trade Dress are among the most important ways TMW Inc. identifies its products and services, and distinguishes itself from the products and

services of other companies.  With the TMW Trade Dress, TMW uses a number of distinctive design elements to create a highly distinctive overall impression immediately recognized by consumers as identifying TMW Inc.'s products and services.  These elements include, among other things:

    a.    The registered TMW Marks; and

    b.    The use of photographs containing images of adults in formal or business attire, including couples, placed just below the TMW Marks.  This is done intentionally so as to immediately draw consumers' attention to the TMW Marks, to cause the TMW Marks and TMW Trade Dress to be very familiar to consumers, and to link together the TMW Marks with men's clothing, with an emphasis on formal attire.

8.    TMW Inc. has continuously used these distinctive design elements in advertisements since at least 1997.  In particular, TMW Inc. has continuously used photographs containing the images of two or more young adults in formal or business attire, placed just below its distinctive TMW Marks, in its advertising since 2000.

9.    TMW Inc. also has advertised and sold its products and services via its website, menswearhouse.com, since late 2000, and since then, has continuously used some or all of these design elements on its website.  Since at least 2001, TMW Inc. has used rotating photographs containing images of adults in formal or business attire on its website.  It has offered gift cards for its products and services on the homepage of its website since early 2002, and offers its gift cards on other authorized websites (giftcertificates.com and incentone.com).  TMW Inc. gift cards (as opposed to gift certificates) have been available for sale in its stores since 2002.

10.     The registered TMW Marks, which were designed and created specifically for TMW Inc., are themselves highly distinctive and source-identifying. "THE MEN'S WEARHOUSE" is a fanciful use of the word "warehouse" and immediately creates brand recognition for the consumer. In 1997, color was added to the "MW" to make it even more distinctive. Further, we sometimes add animation when using the TMW Marks with television advertisements, and also use black/gray, solid black or black/white versions of the TMW Marks.

11.     Although the advertisements are refreshed from time to time, TMW Inc. has taken great care not to substantially change or jeopardize any of the distinctive, recognizable elements of its advertisements (*e.g.*, the TMW Marks, TMW Trade Dress, and spokesman).

12.     The TMW Marks and TMW Trade Dress are keys feature of the TMW Inc. brand. I believe that the TMW Marks and TMW Trade Dress are highly distinctive (or alternatively, have at least acquired secondary meaning), well-known, and serve to identify and indicate the source of our products and services to the consuming public. They help make our products and services one of the most highly recognized brands in the United States. Our extensive use and promotion of the TMW Marks and TMW Trade Dress have helped to distinguish our products from the products and services of other businesses and distinguish the source and origin of our products and services.

13.     TMW has invested considerable effort and enormous resources advertising and promoting TMW Inc. products and services using the TMW Marks and TMW Trade Dress. Between 1973 and present, TMW has continuously promoted, advertised, and sold TMW Inc. products and services throughout the United States. In the past five years, TMW has spent at

least $194 million advertising and promoting THE MEN'S WEARHOUSE brand in the United States.

14.     In part as a result of these efforts, TMW Inc. has been recognized as the number one men's retailer in North America for several years in a row.

15.     As a result of the extensive advertising and promotion of TMW Inc.'s products and services under the TMW Marks and TMW Trade Dress, the widespread sale of TMW Inc.'s products and services and the brand recognition that the TMW Marks and TMW Trade Dress have achieved, TMW Inc.'s products and services bearing the TMW Marks and TMW Trade Dress have been and are now recognized by the public and in the trade as originating from TMW Inc.

16.     TMW Inc. has developed an excellent reputation among consumers and in the industry.  Products and services bearing the TMW Marks and TMW Trade Dress have come to be known by the purchasing public throughout the United States as being of the highest quality.  As a result, the TMW Marks and TMW Trade Dress, together with the goodwill associated with them, are of inestimable value to TMW.

<u>Defendants' Infringing Conduct</u>

17.     It is my understanding that Exclusive Gift Cards and its affiliates are using the TMW Marks and TMW Trade Dress in advertisements via mass email distributions and the various websites that they operate or with which they are affiliated.  In particular, Exclusive Gift Cards has used the TMW Marks and TMW Trade Dress in connection with its "Men's Warehouse Online Winter Savings" email promotion, whereby it offered consumers, via mass email distribution and interactive websites, a purportedly "free" $250 "Men's Wearhouse Gift Card."  Attached hereto as **Exhibit B** is an exemplar of the email promotions and Interactive Web sites distributed and operated by Exclusive Gift Cards and its affiliates.  Despite the

advertisements' claims, the promised cards were not, in fact, "free," nor are the advertised gift cards issued or recognized by TMW Inc.  Hidden in fine print is the requirement that the consumer seeking the "free" gift provide personal information, responses to lengthy questionnaires and enrollment in numerous promotional offers relating to various other companies, many of which require payment of a fee.  Therefore, Exclusive Gift Cards' advertisements which state that its gift cards are "free" are false, as these allegedly "free" gift cards require the payment of money as well as the completion of numerous other requirements.  Upon information and belief, it is also believed that even after a consumer completes Exclusive Gift Cards' numerous requirements, Exclusive Gift Cards rarely actually issues a gift card to a consumer.  The promotional email is linked to an Exclusive Gift Cards' website at the domain name exclusivegiftcards.com.

18.    I have examined Exclusive Gift Cards' "Men's Wearhouse Gift Card" email and website advertisement, and it uses the TMW Marks and looks strikingly and confusingly similar to the menswearhouse.com website.  Attached here to as **Exhibit C** is an exemplar of the email promotions and Interactive Web site of The Men's Wearhouse.  Compare **Exhibit B** with **Exhibit C**.  It is obvious that Exclusive Gift Cards is using the TMW Marks and has copied specific design elements from the TMW Trade Dress, so that its advertisements will appear confusingly similar to those of TMW.  The marks and specific design elements copied by Exclusive Gift Cards include, among other things:

    a.    The overall impression of the use of the TMW Marks together with photographs containing images of several young adults in formal or business attire;

    b.    The use of rotating photographs;

    c.      The prominent and repeated use of both the "Men's Wearhouse" brand name and the confusingly similar "Men's Warehouse";

    d.      The offer of a "Men's Wearhouse Gift Card" on the first page of the website, similar to TMW Inc.'s official website, menswearhouse.com;

    e.      The prominent placement of an alleged "Men's Wearhouse Gift Card" on the first page of the Exclusive Gift Cards' website link;

    f.      The subject line of the promotional email, which states: "The Men's Warehouse Online Winter Savings Sale"; and

    g.      The title of the website promotion, which states: "Welcome to the Men's Warehouse Online Special."

19.    Defendants' prominent use of the TMW Marks and copying of the foregoing distinctive elements of the TMW Trade Dress is without the permission or authority of TMW.

20.    Based upon my knowledge and experience, I believe that Exclusive Gift Cards' email and website advertisements used in connection with its Men's Wearhouse Gift Card promotion are materially and confusingly similar to TMW Inc.'s advertisements, both on its website and in other print media, and are likely to confuse consumers into believing that Exclusive Gift Cards' products are being offered by TMW Inc. or are affiliated, sponsored or authorized by TMW Inc. in some way.

21.    This consumer confusion will be compounded by the fact that TMW Inc. itself offers for sale to the public gift cards through its official website, and in affiliation with two other authorized websites, "giftcertificates.com" and "incentone.com."

22.    In addition, as Exclusive Gift Cards is falsely advertising its gift cards as being "free" when, in fact, they are not, Exclusive Gift Cards' infringement of TMW's trademarks and

trade dress is particularly harmful to TMW because consumers will mistakenly associate their negative feelings toward Exclusive Gift Cards' false advertisements with TMW, when, in fact, TMW had nothing to do with them.

23.     I have seen numerous examples of advertisements for men's and boy's clothing retailers over the years.   I believe it is highly unlikely that the similarities between the advertisements were a coincidence, and I thus believe that Exclusive Gift Cards copied the TMW Marks and TMW Trade Dress when designing its advertisements expressly to capitalize on the goodwill associated with the TMW Inc. brand.

24.     On March 2, 2006, our counsel sent a letter to Exclusive Gift Cards which outlined our rights in the TMW Marks, and demanded that Exclusive Gift Cards stop using the TMW Marks and discontinue its "Men's Warehouse Online Winter Savings" promotion. Attached hereto as **Exhibit D** is a copy of this letter.

25.     By letter dated March 20, 2006, Exclusive Gift Cards acknowledged the conduct described in the March 2nd letter, claimed that its conduct was "well within the law," refused to agree to stop the offending activity, and stated that it would be open to discuss obtaining a license to the TMW Marks, thereby acknowledging that it had no right to use our trademarks. Attached hereto as **Exhibit E** is a copy of this letter.

26.     Despite several additional requests by our counsel, to date, we have not received confirmation from Exclusive Gift Cards and its affiliates that they will cease infringing conduct.

27.     Neither Exclusive Gift Cards nor its affiliates are with one sponsored by THE MEN'S WEARHOUSE, and have not been authorized to use TMW's Marks and the TMW Trade Press.   Exclusive Gift Cards' advertisements are not sponsored by, authorized by, or affiliated with, TMW.

28.    If Exclusive Gift Cards and its affiliates are allowed to continue selling, marketing and distributing their products using the TMW Marks and TMW Trade Dress, TMW will suffer immediate and irreparable harm.  Consumers are likely to associate Exclusive Gift Cards' products with TMW's products and services, even though we have absolutely no control over the nature or quality of Exclusive Gift Cards' products.  Our reputation and goodwill as symbolized in the TMW Marks and TMW Trade Dress will be removed from our control and placed in the hands of Exclusive Gift Cards.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 23rd day of May, 2006, in San Francisco, California.

JAYME MAXWELL

EX A

Exhibit A

Int. Cl.: 42

Prior U.S. Cl.: 101

**United States Patent and Trademark Office**

Reg. No. 1,672,903
Registered Jan. 21, 1992

## SERVICE MARK
### PRINCIPAL REGISTER

## THE MEN'S WEARHOUSE

MEN'S WEARHOUSE, INC., THE (TEXAS COR-
PORATION)
5803 GLENMONT
HOUSTON, TX 77081

   FOR: RETAIL CLOTHING STORE SERV-
ICES, IN CLASS 42 (U.S. CL. 101).
   FIRST USE 8–0–1973; IN COMMERCE
8–0–1973.

OWNER OF U.S. REG. NO. 1,521,918.
   NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "MEN'S" , APART FROM THE
MARK AS SHOWN.

   SER. NO. 74–136,713, FILED 2–5–1991.

CHRISTOPHER KELLY, EXAMINING ATTOR-
NEY

**EXHIBIT**

**Maxwell A**

Men's Wearhouse v
Exclusive Gift Cards

Int. Cl.: 25

Prior U.S. Cl.: 39

## United States Patent and Trademark Office

Reg. No. 1,521,918
Registered Jan. 24, 1989

### TRADEMARK
#### PRINCIPAL REGISTER

## THE MEN'S WEARHOUSE

MEN'S WEARHOUSE, INC., THE (TEXAS COR-
PORATION)
5507 RENWICK
HOUSTON, TX 77081

FOR: MEN'S, WOMEN'S, AND BOYS' SUITS,
SPORTCOATS, SLACKS, RAINWEAR, JACK-
ETS, COATS, SCARVES, TIES AND BELTS, IN
CLASS 25 (U.S. CL. 39).

FIRST USE 6-1-1980; IN COMMERCE
6-1-1980.
NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "MEN'S", APART FROM THE
MARK AS SHOWN.

SER. NO. 730,065, FILED 5-23-1988.

ROBERT C. CLARK JR., EXAMINING ATTOR-
NEY

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Gwyn Shea
Secretary of State

## Office of the Secretary of State

## CERTIFICATE OF TRADEMARK OR SERVICE MARK REGISTRATION
## OF

### THE MEN'S WEARHOUSE

Registration Number: 1176595916

The undersigned, as Secretary of State of Texas, by virtue of the authority vested in the Secretary by Chapter 16, Texas Business and Commerce Code hereby issues this Certificate of Trademark or Service Mark Registration and attaches hereto a copy of the application for registration. Such registration is issued in connection with the class code described below for a term of ten years from the date of registration of application shown below.

Class Code: Advertising & Business
Dated: 03/13/2002



*Gwyn Shea*

Gwyn Shea
Secretary of State

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Gwyn Shea
Secretary of State

# Office of the Secretary of State

## CERTIFICATE OF TRADEMARK OR SERVICE MARK REGISTRATION OF

### THE MEN'S WEARHOUSE

Registration Number: 1176896116

The undersigned, as Secretary of State of Texas, by virtue of the authority vested in the Secretary by Chapter 16, Texas Business and Commerce Code hereby issues this Certificate of Trademark or Service Mark Registration and attaches hereto a copy of the application for registration. Such registration is issued in connection with the class code described below for a term of ten years from the date of registration of application shown below.

Class Code: Clothing
Dated: 03/13/2002



Gwyn Shea
Secretary of State

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Gwyn Shea
Secretary of State

# Office of the Secretary of State

## CERTIFICATE OF TRADEMARK OR SERVICE MARK REGISTRATION
## OF

### THE MEN'S WEARHOUSE

Registration Number: 1176596016

    The undersigned, as Secretary of State of Texas, by virtue of the authority vested in the Secretary by Chapter 16, Texas Business and Commerce Code hereby issues this Certificate of Trademark or Service Mark Registration and attaches hereto a copy of the application for registration. Such registration is issued in connection with the class code described below for a term of ten years from the date of registration of application shown below.

Class Code: Jewelry
Dated: 03/13/2002



Gwyn Shea
Gwyn Shea
Secretary of State

Come visit us on the internet at http://www.sos.state.tx.us/

PHONE(512) 463-5555      FAX(512) 463-5709      TTY7-1-1
Prepared by: Gattuso

☑003

08/20/02  14:33  FAX 510 723 8316  MEN'S WEARHOUSE
Received 08/20/2002 17:25 in 02:34 on line [3] for MR01475 Printed 08/20/2002 17:32 * Pg 3/9

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Gwyn Shea
Secretary of State

# Office of the Secretary of State

## CERTIFICATE OF TRADEMARK OR SERVICE MARK REGISTRATION
## OF

### THE MEN'S WEARHOUSE

Registration Number: 1176595816

The undersigned, as Secretary of State of Texas, by virtue of the authority vested in the Secretary by Chapter 16, Texas Business and Commerce Code hereby issues this Certificate of Trademark or Service Mark Registration and attaches hereto a copy of the application for registration. Such registration is issued in connection with the class code described below for a term of ten years from the date of registration of application shown below.

Class Code: Leather Goods
Dated: 03/13/2002



Gwyn Shea
Secretary of State

Come visit us on the internet at http://www.sos.state.tx.us/
PHONE(512) 463-5555                     FAX(512) 463-5709                     TTY7-1-1
Prepared by: Gattuso

Int. Cls.: 14, 18 and 25

Prior U.S. Cls.: 1, 2, 3, 22, 27, 28, 39, 41 and 50

Reg. No. 2,374,245

## United States Patent and Trademark Office

Registered Aug. 8, 2000

### TRADEMARK
### PRINCIPAL REGISTER

## THE MEN'S WEARHOUSE

TMW LICENSING II, INC. (CALIFORNIA CORPORA-
TION)
40650 ENCYCLOPEDIA CIRCLE
FREMONT, CA 945382453

FOR: JEWELRY, NAMELY, TIE TACKS, TIE CLIPS
AND CUFFLINKS, IN CLASS 14 (U.S. CLS. 2, 27,
28 AND 50).
FIRST USE 2–0–1995; IN COMMERCE 2–0–1995.
FOR: WALLETS, IN CLASS 18 (U.S. CLS. 1, 2,
3, 22 AND 41).
FIRST USE 2–0–1995; IN COMMERCE 2–0–1995.
FOR: BOY'S DRESS SHIRTS; MEN'S CLOTHING
NAMELY, SHOES, DRESS SHIRTS, SWEATERS,
KNITS SHIRTS, WOVEN SHIRTS, T-SHIRTS, COT-
TON PANTS, SHORTS, SOCKS, SUSPENDERS, UN-
DERWEAR; TUXEDOS AND ACCESSORIES THERE-
FOR, NAMELY, SHIRTS, SHOES, TIES CUMMER-
BUNDS AND VESTS, IN CLASS 25 (U.S. CLS. 22
AND 39).
FIRST USE 2–0–1995; IN COMMERCE 2–0–1995.
OWNER OF U.S. REG. NOS. 1,521,918 AND
1,672,903.
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT
TO USE "MEN'S", APART FROM THE MARK AS
SHOWN.

SER. NO. 75–474,766, FILED 4–27–1998.

KAREN MCGEE, EXAMINING ATTORNEY

Int. Cls.: **14, 18, and 25**

Prior U.S. Cls.: **1, 2, 3, 22, 27, 28, 39, 41, and 50**

**United States Patent and Trademark Office**

Reg. No. **2,448,040**

Registered May 1, 2001

## TRADEMARK
### PRINCIPAL REGISTER



MEN'S WEARHOUSE, INC., THE (TEXAS COR-
PORATION)
5803 GLENMONT
HOUSTON, TX 77081

FOR: JEWELRY, INCLUDING TIE TACKS, TIE
CLIPS AND CUFFLINKS, IN CLASS 14 (U.S. CLS. 2,
27, 28 AND 50).

FIRST USE 8-0-1999; IN COMMERCE 8-0-1999.

FOR: WALLETS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22
AND 41).

FIRST USE 8-0-1999; IN COMMERCE 8-0-1999.

FOR: MEN'S CLOTHING, NAMELY, SHIRTS,
SHORTS, VESTS, CUMMERBUNDS, SUSPENDERS,

SHOES, SOCKS, RAINCOATS AND TOPCOATS,
RAINWEAR, JACKETS, TIES, BELTS AND T-
SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 8-0-1999; IN COMMERCE 8-0-1999.

OWNER OF U.S. REG. NOS. 1,521,918 AND
1,672,903.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "MEN'S", APART FROM THE
MARK AS SHOWN.

SN 75-316,903, FILED 6-30-1997.

RUSS HERMAN, EXAMINING ATTORNEY

**Int. Cls.: 25 and 35**

**Prior U.S. Cls.: 22, 39, 100, 101, and 102**

**United States Patent and Trademark Office**

Reg. No. 2,367,145

Registered July 11, 2000

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER



MEN'S WEARHOUSE, INC., THE (TEXAS COR-
PORATION)
5803 GLENMONT
HOUSTON, TX 77081

FOR: MEN'S CLOTHING, NAMELY, SWEATERS,
SUITS, PANTS, SPORTSWEAR, NAMELY, WOVEN
SHIRTS, KNIT SHIRTS, KNIT SWEATERS, CASUAL
PANTS, COTTON SLACKS, SPORT JACKETS, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 8-0-1999; IN COMMERCE 8-0-1999.

FOR: RETAIL CLOTHING STORE SERVICES, IN
CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 8-0-1999; IN COMMERCE 8-0-1999.

OWNER OF U.S. REG. NOS. 1,521,918 AND
1,672,903.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT
TO USE "MEN'S", APART FROM THE MARK AS
SHOWN.

SN 75-979,262, FILED 6-30-1997.

RUSS HERMAN, EXAMINING ATTORNEY

EX B

-----Original Message-----
**From:** Men's Warehouse Online Winter Savings [mailto:r93bu99tob@sulkysetup.com]
**Sent:** Thursday, March 02, 2006 7:27 AM
**To:**
**Subject:** The Mens Warehouse Online Winter Savings Sale *Potential-SPAM*


Welcome to the Men's Warehouse Online Special


**EXHIBIT**

**Maxwell B**

Men's Wearhouse v.
Exclusive Gift Cards





exclusive gif

# Dignify Your
Get a Free* $2
Men's Wearhouse® C

CLICK HERE NC

<u>Welcome to the Men's Warehouse Online Special</u>

**Exclusive Gift Cards' Gift Program is not endorsed, sponsored by or affiliated with Men's Wearh
Wearhouse, Inc. Such terms are registered trademarks of their respective owners.**

*This promotion is conducted exclusively by Exclusive Gift Cards and is subject to participation terms and conditio
item requires compliance with offer terms, including: age and residency requirements; registration with valid emai
address and contact phone number; completion of user survey and sponsor promotions. Upon valid completion of a
will ship your item to your provided shipping address. Unless otherwise indicated, participation eligibility is restricted t
and over. Void where prohibited. If you no longer wish to receive Exclusive Gift Cards emails, visit the unsubscribe pa
Gift Cards site or visit the url: http://www.exclusivegiftcards.com/suppress.htm Or, print a copy of this email and send
request to: Exclusive Gift Cards, 13900 Jog Rd. Suite 203-251, Delray Beach, FL 33446

To unsubscribe from Peppy Palace list, you may do so by clicking on our unsubscribe link:
<u>unsubscribe link</u>

Peppy Palace wishes to ensure that any user who does not wish to receive our emails  is
removed from our lists as quickly as possible..

To unsubscribe from Peppy Palace list, you may do so by clicking on our unsubscribe link:
<u>unsubscribe link</u>

This email is an advertisement from Peppy Palace.
This message may be part of an ongoing mailing campaign.
Your continued receipt of email from us shall constitute your agreement with the terms of our
privacy policy.
If you disagree with these terms please remove yourself from our mailing list by clicking on our
unsubscribe link:

<u>unsubscribe link</u>

If you would like to remove yourself from all of our mailing lists please contact us immediately.
Our Customer Service contact address is:

Quality Care
15 East Putnam Ave

Suite 40ɔ
Greenwich, CT 06830

This message is delivered to mconlon@fulbright.com at 04:25 AM on 2006-03-02

Thank you.